

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 292 | **DATE** | 4/27/2004 |
| **CASE TITLE** | FRANK RIZZO vs. BANKERS LIFE & CASUALTY COMPANY | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

MEMORANDUM OPINION AND ORDER

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  Enter Memorandum Opinion And Order. Plaintiff's motion to remand is denied and defendant's motion to dismiss is granted, though plaintiff is given leave to amend his complaint to name the proper defendant.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | APR 2 8 2004 | |
| | Notified counsel by telephone. | | date docketed | 14 |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| LG | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FRANK RIZZO, )
)
Plaintiff, )
)
vs. ) No. 04 C 292
)
BANKERS LIFE & CASUALTY )
COMPANY, )
)
Defendant. )

DOCKETED
APR 2 8 2004

## MEMORANDUM OPINION AND ORDER

Plaintiff Frank Rizzo Jr. brought this action against Bankers Life & Casualty Company (Bankers) in the Cook County Circuit Court, alleging that Bankers had been unjustly enriched and had failed to pay certain of his medical expenses covered by his father's health insurance policy. Defendant removed the case to federal court and filed a motion to dismiss. Subsequently, plaintiff filed a motion to remand. Plaintiff's motion to remand is denied and defendant's motion to dismiss is granted.

## BACKGROUND

The allegations in the complaint are taken as true and provide the basis for the statement of facts. Before reciting the pertinent facts of this case, the court must address the scope of its review for these motions. Generally, when deciding a motion to dismiss, the court only looks to the complaint to determine whether plaintiff states a claim. Alioto v. Marshall Field's & Co., 77 F.3d 934, 936 (7th Cir. 1996). If the movant submits documents outside the complaint with its motion to dismiss, the court must either ignore the documents or convert the motion to dismiss into a motion for summary judgment. *See* Federal Rule of Civil Procedure 12(b). However, where the complaint references a document, but fails to attach it,

the document may be incorporated into the complaint and reviewed by the court. *See* Tierney v. Vahle, 304 F.3d 734, 738 (7th Cir. 2002); Davis v. Potter, 301 F.Supp.2d 850, 856 (N.D.Ill. 2004). With its motion to dismiss, defendant submitted a number of documents, including a group policy between defendant and the International Union Operating Engineers Local 399 Health and Welfare Trust, excerpts from the summary plan description for the Trust's health insurance plan, and a reimbursement agreement signed by plaintiff's father. Plaintiff's complaint refers to the group policy, the terms of coverage under the plan, and the reimbursement agreement. Therefore, we incorporate these documents into our review. By widening the review the court is able to ensure that plaintiff does not avoid Rule 12(b)(6) dismissal only because he failed to attach a copy of the controlling documents.

On April 26, 1998, plaintiff suffered a severe injury to his right leg in a motor vehicle accident. Plaintiff, a minor at the time, received insurance benefits as a covered dependent of his father, Frank Rizzo, Sr (Rizzo Sr.). Rizzo Sr.'s employer provided him coverage through a group health insurance policy issued by Bankers. Rizzo Sr. and his dependents received policy benefits in accordance with the terms of the health insurance plan known as the International Union of Operating Engineers, Local 399 Health and Welfare Trust (Plan). Under the terms of the Plan the Board of Trustees for the Local 399 Health and Welfare Trust was both the plan sponsor and the plan administrator.

Though the complaint does not provide the details, sometime after plaintiff's injury, litigation commenced against a third party involved in plaintiff's accident. On December 17, 1998, Rizzo Sr. signed a reimbursement agreement stating that, individually and as the natural guardian for the estate of his son, he would reimburse Bankers for all payments made

stemming from the injury of his son, to the extent of any recovery through settlement, judgment, or other means, from a third party responsible for the injury. Following this agreement, Bankers served a subrogation lien on all parties involved in the accident. On November 12, 2002, the accident litigation settled and Bankers was paid $378,369.08, under protest. From the settlement proceeds, plaintiff also paid certain medical costs that had not been paid by Bankers. In his complaint, plaintiff sets these costs at $66,000. However, his motion to remand states the sum was $106,447.66. Plaintiff claims that defendant was unjustly enriched by the payment of $378,369.08 and that under the terms of his father's health insurance policy defendant should have covered the additional costs plaintiff paid.

## DISCUSSION

Before addressing defendant's motion to dismiss, the court must determine whether this action should be remanded to state court or whether it was properly removed to federal court. In defendant's notice of removal it asserted that plaintiff's claim is completely preempted by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001, *et seq.*, and that this court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1). Plaintiff counters that the case should be remanded because the state court has concurrent jurisdiction, regardless of an ERISA claim; that there are several state law issues that should be resolved in state court; and state courts have repeatedly addressed medical subrogation liens on policies that are subject to ERISA.

A state law claim is properly recharacterized as an ERISA claim and therefore removable to federal court when "1) the plaintiff is eligible to bring an action under § 502(a); 2) the plaintiff's cause of action falls within the scope of an ERISA provision plaintiff can

enforce via § 502(a); and 3) the plaintiff's state law claim cannot be resolved without interpreting the contract governed by ERISA." Berge v. Automobile Mechanics Local 701 Union, 2003 WL 22594367 at *1 (N.D.Ill. 2003)(citing Jass v. Prudential Health Care Plan, 88 F.3d 1482, 1487 (7th Cir. 1996)). Section 502(a) grants a plan participant or beneficiary the right to bring a civil action to recover benefits due under the terms of a plan, or to enforce or clarify his rights under the plan. 29 U.S.C. § 1132(a)(1). Plaintiff, as a covered dependent of his father, was a beneficiary of the Plan, and thus can bring an action under § 502(a), satisfying the first requirement. His two claims against Bankers are unjust enrichment (count I) and failure to provide benefits (count II). Count II is clearly a claim to recover benefits due under the Plan, a cause of action that can be enforced under § 502(a). Count I, while styled as a state law claim in plaintiff's complaint, seeks to clarify his rights under the terms of the Plan. Plaintiff's claim that defendant was unjustly enriched requires a determination of whether he was obligated to reimburse Bankers for medical expenses in the event of a third party settlement. Thus, both counts fall within the scope of § 502(a). Finally, plaintiff's claims require interpretation of the terms of the Plan. In order to determine whether Bankers was entitled to reimbursement or whether it should have paid for the additional expenses, the court must analyze the Plan. Given these factors it is evident that plaintiff's case is an ERISA action, over which this court has original jurisdiction.

Plaintiff's argument that the state court may also address ERISA claims has no bearing. Though the state court has concurrent jurisdiction, defendant has the option to remove the case to federal court, and it has chosen to exercise this option. The case has been properly removed, given that federal law completely preempts state law claims that can be brought

under § 502(a)(1)(b) of ERISA. *See* Metropolitan Life Insurance Company v. Taylor, 481 U.S. 58, 62-63 (1987). Thus, we deny plaintiff's motion for remand and turn to the motion to dismiss.

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint, not the merits of the case. Triad Assocs., Inc. v. Chicago Hous. Auth., 892 F.2d 583, 586 (7th Cir. 1989). In deciding a motion to dismiss the court must assume the truth of all well-pleaded allegations, making all inferences in the plaintiff's favor. Sidney S. Arst Co. v. Pipefitters Welfare Educ. Fund, 25 F.3d 417, 420 (7th Cir. 1994). The court should dismiss a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

Defendant states three reasons for dismissing plaintiff's action: 1) plaintiff can only bring claims pursuant to ERISA because all other state law claims are preempted, and plaintiff has brought this ERISA action against the wrong defendant, 2) plaintiff has no basis for recovery because defendant's right to reimbursement is valid, and 3) plaintiff has failed to exhaust his administrative remedies before bringing this case. We do not reach defendant's second and third arguments because dismissal is justified on the basis of its first argument.

As discussed above, both of plaintiff's counts, though pleaded as state law claims, are properly characterized as ERISA claims. Given that ERISA preempts state law, including common law, which relates to an employee benefit plan, Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 48-49 (1987), plaintiff has only ERISA claims. Plaintiff brings these claims against Bankers, which issued the insurance policy to the Plan. However, an ERISA suit to recover benefits may only be brought against the Plan as an entity. *See* 29 U.S.C. § 1132(d); Jass v.

Prudential Health Care Plan, Inc., 88 F.3d 1482, 1490 (7th Cir. 1996). Bankers is neither the Plan, nor the plan administrator. Thus, it is not the proper party for plaintiff's counts seeking the return of his reimbursement and the payment of his medical expenses.

Plaintiff argues he has not sued the wrong defendant – that he has brought an unjust enrichment claim against the party to whom he paid a reimbursement. As the Seventh Circuit stated in Jass, "[T]he preemptive force of ERISA is so powerful that it converts 'a state law claim into an action arising under federal law,' even if the plaintiff does not want relief under ERISA." 88 F.3d at 1490 (quoting Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 66-67 (1987)). We have found that ERISA does preempt plaintiff's unjust enrichment claim because his claim that he was not obligated to reimburse Bankers is a claim to clarify or enforce his rights as a beneficiary under a benefits plan. Thus, even though his payment went to Bankers, the proper defendant for his action is the Plan.

## CONCLUSION

For the foregoing reasons plaintiff's motion to remand is denied and defendant's motion to dismiss is granted, though plaintiff is given leave to amend his complaint to name the proper defendant.

_____
JAMES B. MORAN
Senior Judge, U. S. District Court

April 27, 2004.